**Randy BOCKORNY, Petitioner— Appellant,**

v.

**Joan PALMATEER, Respondent— Appellee.**

No. 01–35590.

D.C. No. CV–99–00203–GMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2002.

Decided March 18, 2002.

Before FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

MEMORANDUM *

Randy Bockorny appeals the district court's denial of his habeas corpus petition, which alleged constitutionally ineffective assistance of trial counsel. We affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

## A. Standard of Review

We review de novo the district court's denial of habeas relief. *Wildman v. Johnson*, 261 F.3d 832, 836 (9th Cir.2001). Mr. Bockorny may be accorded habeas relief only if the state court unreasonably applied the law concerning ineffective assistance of counsel established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* 28 U.S.C. § 2254(d)(1).

## B. Evaluation of Counsel's Performance

■ Mr. Bockorny's trial counsel hired a well-credentialed pathologist, an appropriate kind of expert, to analyze and testify concerning the laboratory analysis issues in this case. The pathologist informed the jury that protozoa are ubiquitous in river water, that protozoa are similar in size and appearance to spermatozoa, and that the two can easily be confused. Mr. Bockorny now argues that trial counsel erred by not hiring a microbiologist to present testimony to the same effect. Trial counsel did not provide unconstitutionally ineffective assistance of counsel by failing to put on cumulative testimony, even if a different expert might have proved more convincing in his testimony. *See Turner v. Calderon*, 281 F.3d 851, 875–76 (9th Cir. 2002).

■ Mr. Bockorny nonetheless contends that trial counsel should have hired a microbiologist to compare spermatozoa with protozoa from the Clackamas River, in order to bolster the testimony that spermatozoa and protozoa can be confusingly similar and to impeach the state's witnesses. The pathologist, however, did not recommend consultation with a microbiologist or any further investigation. Trial counsel was entitled to rely upon the opinion of the appropriate expert he did hire. *See Hendricks v. Calderon*, 70 F.3d 1032, 1038–39 (9th Cir.1995). That a lay investigator suggested hiring a microbiologist does not mean that trial counsel was ineffective for failing to do so, when he chose an appropriate expert who made no such suggestion.

■ Finally, Mr. Bockorny asserts that trial counsel was ineffective because he presented the testimony of a pathologist who had not used the Christmas Tree Stain ("CTS") test. The pathologist testified, however, that, because of the nature of spermatazoa, it was his considered view that *no test* could accurately identify as a spermatozoon, a sperm head without a tail. Had the jury believed the pathologist, the presentation of such testimony could have helped, instead of hurt, the defense. So presenting the expert's testimony cannot demonstrate deficient performance by trial counsel. The fact that the prosecution's expert witnesses testified otherwise regarding the efficacy of the CTS test in distinguishing protozoa from spermatozoa does not demonstrate that trial counsel was unconstitutionally ineffective in choosing the expert he did.

In light of the above, the state court reasonably applied the law in determining that Mr. Bockorny received effective assistance of counsel. *See Strickland*, 466 U.S. at 687.

The decision of the district court is AFFIRMED.